Filed 3/12/21  Mann v. Regents of the University of Cal. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| DIANNA MANN, | |
| Plaintiff and Appellant, | G057855 (consol. w/ G058555) |
| v. | (Super. Ct. No. 30-2017-00936363) |
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, Robert J. Moss, Judge.  Affirmed.

Shegerian & Associates, Carney R. Shegerian, Anthony Nguyen; Gladius Law and Alyssa Kim Schabbski for Plaintiff and Appellant.

Horvitz & Levy, H. Thomas Watson, Karen M. Bray; Lynberg & Watkins, Norman J. Watkins and Courtney L. Hylton for Defendant and Respondent.

In this employment dispute, Dianna Mann appeals from a judgment for The Regents of the University of California (The Regents) on Mann's claims for discrimination and retaliation by the University of California, Irvine Medical Center (UCI). Mann asserts the trial court abused its discretion by forcing the parties to submit a general verdict form to the jury without special findings and undifferentiated by cause of action. She also claims prejudicial instructional error warrants reversal. We find no error and affirm the judgment.

FACTS

I. *Background Facts*

In 2010, Mann started working at UCI. In 2014, while employed as an administrative analyst, she was diagnosed with breast cancer. Kevin Phillips became Mann's supervisor shortly thereafter. Mann took multiple medical leaves and UCI accommodated her work restrictions—including a six-month leave of absence, long-term intermittent leaves, and three months of a reduced work schedule.

In 2015, Mann complained to UCI's human resources (HR) department that Phillips did not seem to value her work, was not doing enough to promote her career growth, cancelled or shortened meetings, and questioned her commitment. She claimed he was not supportive when she asked to work from home. Mann said she feared Phillips because of an earlier incident where he allegedly raised his voice and momentarily blocked her exit from his office. Phillips denied those accusations. HR decided a third person would participate in any future meetings between Mann and Phillips.

At a meeting in October 2015, Mann, Phillips, and an HR representative met to discuss timekeeping, breaks, overtime limitations, and the prohibition on working from home absent medical documentation. Mann stated she felt like the tasks assigned to her were menial and not what she wanted to do, she desired career development and the same schedule flexibility as other employees who were exempt. Phillips said he would continue Mann's development, but she was a nonexempt employee and he needed her to

2

first fulfill the duties in her current job description.  Around this same time, an HR representative suggested Mann agree to a layoff with a preferential rehire status.  Not wanting to lose her job or healthcare benefits, she declined.  The problems between Mann and Phillips continued.  Mann felt HR did not take her complaints seriously.

In 2016, UCI faced significant budget issues.  A management team that included Phillips decided, among various other measures, to eliminate two analyst positions.  Mann's position was one of those eliminated.  In total, UCI laid off over 150 people as part of organization-wide cost-cutting initiatives.

II. *Procedural History*

Mann filed a complaint against The Regents for disability and sex discrimination, retaliation, and failure to prevent discrimination and retaliation.  Prior to the end of trial, the parties submitted their proposed jury instructions.  The trial court informed the parties it would use a general verdict form if they could not agree on a special verdict.

The parties did not agree on a special verdict form.  The trial court directed Mann to prepare two general verdict forms:  one finding for her and one for The Regents.  Mann did not object to using general verdict forms or explain why she believed a special verdict form was preferred.  Nor did she object to the jury instruction introducing the jury to the general verdict form.  Instead, Mann simply agreed to prepare the forms.

Mann submitted a general verdict form modeled after CACI No. VF-5001, which contained separate questions asking the jury to find in favor of her or The Regents on her claims for disability and sex discrimination, retaliation, and failure to prevent discrimination and retaliation, and instructing the jury to award damages if they found in her favor on any of the three claims.  At the time, The Regents stated they did not perceive any problem with this form.  The trial court, however, rejected the proposed form, stating a general verdict form had only one option:  a finding for the plaintiff, with a line for damages, or a finding for the defendant, with no damages line.  The Regents

3

then confirmed that is how they wished to proceed, i.e., with a "regular general verdict." Mann did not object to this proposal or voice any concerns with using simpler general verdict forms. Mann stated simply, "Okay. We can modify it."

The trial court instructed the jury on Mann's claims and defense and provided the standard instruction introducing the general verdict form. Mann did not object to the instructions or request any additional or clarifying instructions. The court reviewed the revised general verdict forms and asked, "Are they okay with everybody?" Both parties responded, "Yes."

The general verdict form instruction, CACI No. 5022, stated: "I will give you two general verdict forms. The forms ask you to find either in favor of the plaintiff or the defendant. If you find for the plaintiff, the form also asks you to indicate the amount of damages you award to the plaintiff. I have already instructed you on the law that you are to refer to in making your determinations. [¶] At least nine of you must agree on your decision. [¶] In reaching your verdict, you must decide whether the party with the burden of proof has proved all of the necessary facts in support of each required element of her/its claim or defense. You should review the elements addressed in the other instructions that I have given you and determine if at least nine of you agree that each element has been proven by the evidence received in the trial. The same nine do not have to agree on each element."

The retaliation instruction, CACI No. 2505, outlined the elements for that claim and instructed Mann did "not have to prove discrimination or harassment in order to be protected from retaliation. . . . [S]he may prevail on a retaliation claim even if she does not present, or prevail on, a separate claim for discrimination or harassment."

The trial court also instructed on the same decision defense, CACI No. 2512, an instruction it appears both parties requested. It informed the jury that, even if discrimination or retaliation occurred, Mann was not entitled to damages if UCI would have laid her off in any event due to the reorganization.

4

The jury returned a verdict for The Regents.  Mann did not request postverdict jury interrogatories.  After the defense judgment, Mann moved for a new trial, claiming abuse of discretion in the use of a general verdict form, instructional error, and jury misconduct.  The trial court ruled Mann's juror declarations inadmissible to the extent they reflected the mental processes of the jurors and denied the motion.  Mann sought attorney fees under *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203, 241 (*Harris*), which the court denied.[1]

## DISCUSSION

Mann contends the trial court abused its discretion when it refused to give a special verdict instruction to the jury.  She contends the use of a general verdict form, coupled with the related instructional errors, were highly prejudicial because they forced her to prove all 31 elements of her claims to prevail.  Her claims have no merit, and we affirm the judgment.

## I. *Forfeiture*

As an initial matter, we address The Regents' contention Mann has forfeited her objections to the general verdict forms and jury instructions because she failed to object to either during trial.  As explained below, we determine Mann has not forfeited her claims.

"'[T]o preserve an issue for appeal, a party ordinarily must raise the objection in the trial court.'  [Citation.]"  (*K.C. Multimedia, Inc. v. Bank of America Technology & Operations, Inc.* (2009) 171 Cal.App.4th 939, 948.)  "'The party also must cite to the record showing exactly where the objection was made."  (*Ibid.*)  (*Ibid.*)"  A party who fails to make an "express objection" on the record in the trial court and simply

---

[1]  Because we affirm the trial court's judgment, we agree Mann was not the prevailing party and therefore not entitled to attorney fees.  There was also no basis for liability under *Harris*, *supra*, 56 Cal.4th at p. 211.

acquiesces in the court's rulings forfeits any claim of error on appeal and is not entitled to a new trial. (*Id*. at pp. 949-950.)

Mann contends the trial court erred by using general verdict forms and asserts a related claim as to the court's use of the standard general verdict instruction (CACI No. 5022). We recognize Mann never objected to the use of the general verdict forms at trial or its related instruction. Instead, Mann simply complied with the court's directives and then approved the general verdict forms that were ultimately given to the jury. However, unlike the authority relied upon by The Regents, Mann *did* file a motion for new trial, alleging these very errors. (*Morales v. 22nd Dist. Agricultural Assn.* (2016) 1 Cal.App.5th 504, 535 [appellants forfeited claimed defect in special verdict form where they failed to object or raise in motion for new trial].) Because a challenge to the use of verdict forms is properly raised for the first time in a motion for a new trial, Mann did not forfeit this claim on appeal. (*All-West Design, Inc. v. Boozer* (1986) 183 Cal.App.3d 1212, 1220.) Given that we reach the merits on the verdict form, and the instructional error issue is closely related, we also determine Mann has not forfeited her instructional error claim.

II. *Verdict Form*

Mann contends the trial court erroneously "forced" the parties to use a general verdict form when it should have required the parties to agree to a special verdict form. She also asserts the court should have initially accepted her proposed special verdict form, or after rejecting her special verdict form, her general verdict form proposed under CACI No. VF-5001. Her claims lack merit.

We review a trial court's decision to submit a general verdict form to the jury for abuse of discretion standard. (*Ferro v. Citizens National Trust and Savings Bank of Los Angeles* (1955) 44 Cal.2d 401, 414.) "Utilization of a special verdict rather than a general verdict is a matter committed to the sound judicial discretion of the trial court." (*Klemme v. Hoag Memorial Hospital Presbyterian* (1980) 103 Cal.App.3d 640, 645.)

6

Here, the parties attempted, but failed, to agree on a special verdict form. Indeed, the trial court noted the proposed special verdict forms "were just so far beyond agreement and resolution that I . . . just wasn't going to try to take the time at that point in the trial to try to resolve all of the[ ] issues"].  Mann contends, without legal support, the court should have "forced" the parties to further discuss their differences and then "timely agree to a special verdict form."  But Mann did not request additional time to meet and confer about the special verdict form or represent to the court that any remaining differences could be resolved in a "timely" manner.  Likewise, she gave no indication further discussions would be fruitful.  Under the circumstances, the trial court did not abuse its discretion by proceeding with general verdict forms rather than leaving the jury waiting while counsel continued to negotiate special verdict form issues.  (See Code Civ. Proc., § 128, subd. (a)(3).)

Similarly, the trial court did not abuse its discretion by declining to use Mann's proposed special verdict form or her general verdict form proposed under CACI No. VF-5001 because they were defective.  Mann initially asserts The Regents are estopped from claiming her special verdict form was defective because it was due to The Regents' own behavior submitting late edits.  She also claims The Regents acquiesced to her general verdict form proposed under CACI No. VF-5001.  As previously explained, however, Mann never asked the court for additional time to reconcile The Regents' edits or indicate the parties would be able to reach an agreement on the special verdict form. Furthermore, The Regents' initial agreement to Mann's general verdict form proposed under CACI No. VF-5001 does not mean it is estopped from asserting a defect on appeal. The Regents initially said they had no objection to the form, but almost immediately changed position.

Indeed, Mann's proposed special verdict form allowed the jury to return verdicts upon which no proper judgment could be entered.  For example, it permitted the jury to find Mann suffered an adverse employment action (question 1), then no disability,

7

gender, or age discrimination (questions 2 through 7), or retaliation (questions 8 through 10), yet still be directed to answer whether The Regents failed to prevent discrimination and retaliation (question 11)—without a prerequisite determination that discrimination or retaliation had actually occurred. (*Behr v. Redmond* (2011) 193 Cal.App.4th 517, 531 [absence of finding on one element of a claim precludes judgment for plaintiff on that claim].) It also created the potential for an inconsistent verdict with a finding of no liability on any cause of action, yet damages could be awarded to Mann.

Mann's general verdict form proposed under CACI No. VF-5001 was also faulty. It asked the jury to find in favor of one party or the other on each cause of action: retaliation, discrimination, and failure to prevent retaliation and/or discrimination. The proposed general verdict form would have allowed the jury to return an inconsistent verdict by determining no discrimination or retaliation occurred, but that The Regents failed to prevent discrimination or retaliation.

Finally, Mann argues the trial court's error in requiring a general verdict form was amplified by instructing the jury on the same decision defense (CACI No. 2512), which stated Mann was not entitled to damages if she would have been laid off in any event due to the reorganization. She does not assert instructional error, but rather alleges CACI No. 2512—an instruction it appears both parties requested and at a minimum Mann did not object to—rendered the general defense verdict ambiguous. To the extent the instruction caused ambiguity, it was invited error.

Mann bore the burden of crafting a proper verdict form. (*Myers Building Industries, Ltd. v. Interface Technology, Inc.* (1993) 13 Cal.App.4th 949, 961-962; Cal. Rules of Court, rule 3.1580.) Because she failed to carry her burden, the trial court did not abuse its discretion by rejecting the verdict forms she proposed and proceeding with a general verdict form.

8

III. *Instructional Error*

Mann contends because the CACI No. 5022 instruction was used with general verdict forms instead of her "claim specific, CACI [No.] VF-5001" general verdict form, the instruction was incomplete and required qualification to ensure the jury gave "independent consideration" to each of her claims. Mann further argues the instruction imposed an "unlawful burden" upon her to "prove all 31 elements of her claims" to prevail. She suggests the trial court needed to instruct the jury they should return a verdict for her if she proved all of the elements for any one of her liability theories, such as retaliation. Mann fails to demonstrate reversible error.

Instructional error is prejudicial if it is "'*reasonably probable*'" the instructions misled the jury. (*Kinsman v. Unocal Corp*. (2005) 37 Cal.4th 659, 682.) To evaluate whether an appealing party has proven an alleged instructional error was prejudicial, this court considers "not only the nature of the error, 'including its natural and probable effect on [that] party's ability to place [her] full case before the jury,' but the likelihood of actual prejudice" based on the entire record. (*Rutherford v. Owens-Illinois, Inc.* (1997) 16 Cal.4th 953, 983.) Pertinent factors include the effect of other instructions and counsel's arguments, any indications from the jury that it was misled, and the evidence on the issue about which error is claimed. (*Ibid*.)

While Mann does not dispute the legal accuracy of CACI No. 5022, she argues the instruction was incomplete, requiring qualification to ensure the jury considered each of her claims independently. Mann suggests the jury should have been instructed to return a verdict for her if she proved all of the elements for any one of her liability theories, such as retaliation. If Mann desired such an instruction, "it was incumbent upon [her] to request [it]." (*Agarwal v. Johnson* (1979) 25 Cal.3d 932, 948.)

In any event, CACI No. 5022 specifically informed the jury that the law governing their determinations was contained in the other instructions, not that one. As for retaliation, the jury was also instructed with CACI No. 2505. That instruction set

9

forth the elements for retaliation and explained Mann "does not have to prove discrimination or harassment in order to be protected from retaliation. . . . [S]he may prevail on a retaliation claim even if she does not present, or prevail on, a separate claim for discrimination or harassment." Taken together, these instructions told the jury to return a verdict in Mann's favor if she proved "each required element" of her retaliation claim, regardless of whether she also proved discrimination.

Furthermore, Mann's counsel focused on this very issue during his closing argument. He outlined the elements supporting Mann's claim for retaliation and specified, "for the retaliation claim, . . . Mann does not have to prove that discrimination or harassment even occurred." Indeed, the jury did not submit questions indicating it was confused or misled by the instructions.

To the extent Mann contends juror declarations support her argument that the jury was confused by CACI No. 5022, the trial court ruled those declarations inadmissible. Because Mann does not challenge this ruling on appeal, we cannot infer a showing of prejudice premised upon inadmissible evidence.

Finally, Mann argues she made a strong showing of retaliation at trial, demonstrating a reasonable probability of prejudice. She asserts Phillips "abruptly terminated [her] after she sought but was refused accommodations and complained about Phillips' discriminatory conduct." However, the evidence showed UCI accommodated Mann with multiple medical leaves and a reduced schedule, as requested by her doctor. Indeed, Phillips never refused an accommodation requested by Mann's doctor. Similarly, UCI eliminated Mann's position nine months after she first lodged complaints about Phillips, not abruptly as she claimed. Mann also claims Phillip's used the guise of UCI's reorganization to eliminate her position and hire new "high-level" employees. What Mann overlooks, however, was that the work of the new employees was projected to create a significant net savings for UCI, as opposed to her analyst position, which did not create value. After evaluating the evidence, the effect of the other instructions and

counsel's arguments, and the lack of any indication of jury confusion, we find no reversible error.

## DISPOSITION

The judgment is affirmed.  The Regents shall recover its costs on appeal.

O'LEARY, P. J.

WE CONCUR:

MOORE, J.

THOMPSON, J.

11